Mr. Justice Clayton
delivered the opinion of the Court.
The single point presented in the argument of this cause, is, whether the bill discloses a case in which a bill of interpleader can be sustained.
The complainant Thompson was indebted to one James Holbert by promissory note, who assigned it to Yarborough, the present appellant. Holbert was indebted to Loftus & Smith, who issued a garnishment against Thompson. At the time of the service of the garnishment, Thompson had no notice of the assignment, but re *294 ceived notice before he filed his answer. Under the advice of counsel, as the bill alleges, the complainant filed such an answer to the garnishment, that judgment was rendered against him upon it for'the amount of the note. Suit was subsequently brought by Yarborough the assignee upon the note, who likewise recovered judgment upon it. The complainant then filed this bill of interpleader against the judgment-creditors respectively, requiring them to interplead, and praying that one or the other might be perpetually enjoined.
A bill of interpleader is a proper remedy when suits are either threatened, or actually pending by two different claimants against a party, claiming the same debt or duty by different or separate interests. The complainant not knowing to which of right he ought to pay or render it, files a bill and requires them to interplead, that the Court may determine the right. Cooper’s Equity PI. 46; 2 Story’s Equity, 112, et seq. The principle of a bill of interpleader is to protect the party, not only from being compelled to pay, but also from the vexation attending the discussion of all the suits that may be instituted. 15 Yes. 246. It is not necessary in order to justify the filing of such a bill, that suit should actually have been commenced ; it is sufficient that claim should have been made against the party, and that he is in danger of being • molested by conflicting rights. 2 Story’s Equity, 116.
But after judgment at law, and after the right is thus determined, a court of equity cannot interfere upon the footing of a bill of inter-pleader. The complainant might have made his defence at law, or at all events, should have filed his bill before judgment; because of the familiar rule, that a court of equity cannot give relief when the party might have made defence at law.
There is no evidence that anything unconscientious was done by either of the defendants in this case, in obtaining their judgments. Each proceeded upon a legal claim. The complainant defended each, but from some cause was unsuccessful in both. One of the judgments is no doubt wrong ; but, from the bill, the error was induced by the complainant’s answer to the garnishment. A court of,, equity has no power to correct the errors in judgment of a court of law ; that belongs to the appellate tribunal. Neither can it compel one party to relinquish a judgment at law, because his adversary did *295 not comprehend his rights, or was mistaken in a matter of law. The case is a hard one, but the complainant has no right to complain of either of the defendants, or of the Court. The judgments of the courts of law, upon the facts before them, were right in each instance. If a case of fraud or surprise in obtaining either of the judgments were made out against either of the parties, that might entitle the complainant to relief against such party ; but that would be done upon an original bill, not a bill of interpleader. 2 Robinson’s Prac. 214.
This conclusion is reached in full view of what is said by the Court, in Oldham v. Ledbetter, 1 How. 47. The remark in that case, that the plaintiff could have protected himself by bill of inter-pleader, was thrown out without sufficient consideration. It was not a point for decision. The ’cases there cited only prove, that a judgment against a garnishee upon an attachment, after an assignment of his note, will not form a bar in his favor, in an action by the assignee.
If, in such case, the garnishee answer with the requisite caution, he will run no risk. If he state the fact, that he executed a note to the debtor of the attaching creditor, but he does not know who holds it, or whether it be assigned or not, — still more, if he state that it has been assigned, and that he has received notice of it, no judgment upon the attachment can be rendered against him. See Huff v. Mills, 7 Yer. 45. Of course he must answer according to the fact. But if he neglect so obvious a precaution, he is but in the situation of every other defendant, who neglects his proper defence at law, at the time he has the means of making it.
The decree of the Court below will be reversed, and the bill dismissed.